GEORGE S. CARY (STATE BAR NO. 73858)
gcary@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:   202-974-1920
Facsimile:   202-974-1999

COURTNEY J. LINN (STATE BAR NO. 148855)
clinn@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814
Telephone:   916-329-4946
Facsimile:   916-329-4900

Attorneys for Defendant Keurig Green Mountain, Inc.
(f/k/a Green Mountain Coffee Roasters, Inc. and as
Successor to Keurig, Incorporated)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JBR, INC. (D/B/A ROGERS FAMILY COMPANY),<br><br>Plaintiff,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INCORPORATED)<br><br>Defendant. | Case No. 2:14-cv-00677-KJM-CKD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Honorable Kimberly J. Mueller** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND FACTUAL BACKGROUND ................................................... 1

II. ARGUMENT ................................................................................................................... 2

    A. A Stay Will Preserve Judicial Resources And Ensure Consistency ..................... 3

    B. Plaintiff Will Not Be Prejudiced By the Requested Stay....................................... 3

    C. Keurig's Interests Weigh Strongly In Favor of a Stay ............................................ 5

III. CONCLUSION ................................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Board of Trustees of the Teachers' Retirement System of the State of Illinois v. Worldcom, Inc.*,
   Nos. 02C 5542, 02 C 5543, 2002 WL 31546158 (N.D. Ill. Oct. 18, 2002) ................ 5

*Cheramie v. Bristol-Myers Squibb Co.*,
   No. Civ. A. 02-910, 2002 WL 1792064 (E.D. La. Aug. 1, 2002) ................ 3

*Falgoust v. Microsoft Corp.*,
   No. Civ. A. 00-0779, 2000 WL 462919 (E.D. La. Apr. 19, 2000) ................ 5

*Franklin v. Prospect Mortgage, LLC*,
   No. 2:13-cv-00790 JAM-AC, 2013 WL 6423389 (E.D. Cal. Dec. 9, 2013) ................ 2

*Landis v. North American Co.*,
   299 U.S. 248 (1936) ................ 2

*Leeson v. Merck & Co., Inc.*,
   No. S-05-2240 WBS PAN, 2006 WL 3230047 (E.D. Cal. Jan. 27, 2006) ................ 2

*In re Loestrin 24 Fe Antitrust Litigation*,
   MDL No. 2472, 2013 WL 5505369 (J.P.M.L. Oct. 2, 2013) ................ 2

*In re Phenylpropanolamine (PPA) Products Liability Litigation*,
   460 F.3d 1217 (9th Cir. 2006) ................ 1

*In re Pineapple Antitrust Litigation*,
   342 F. Supp. 2d 1348 (J.P.M.L. 2004) ................ 4

*In re Polyurethane Foam Antitrust Litigation*,
   MDL No. 2196, 2011 WL 3182411 (J.P.M.L. May 19, 2011) ................ 4

*In re Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation*,
   MDL No. 2295 (J.P.M.L. June 8, 2012) ................ 4

*In re Refrigerant Compressors Antitrust Litigation*,
   626 F. Supp. 2d 1320 (J.P.M.L. 2009) ................ 4

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997) ................ 5

*Rubio v. Arndal*,
   No.1:13-cv-0027-LJO-BAM, 2013 WL 796669 (E.D. Cal. Mar. 4, 2013) ................ 3

*TreeHouse Foods, Inc. v. Green Mountain Coffee Roasters, Inc.*,
   No. 14 Civ. 905 (S.D.N.Y. Feb. 11, 2014) ................ 4

**Statutes**

28 U.S.C. § 1407 ................................................................................................................1, 2

28 U.S.C. § 1407(a) .................................................................................................................4

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that as soon hereafter as this matter may be heard in the courtroom of the Honorable Kimberly J. Mueller, United States District Court, 501 I Street, Sacramento, California, defendant Keurig Green Mountain will, and hereby does, move this Court to stay all proceedings in this action pending the likely transfer of this action by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, all papers and pleadings on file in this action, and any oral argument on this motion.

Keurig conferred with counsel for Plaintiff regarding this motion on March 21 and 31. Counsel for Plaintiff has indicated that Plaintiff opposes this motion for a stay.

Dated: April 2, 2014

GEORGE S. CARY
CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: */s/ George S. Cary*
　　　　George S. Cary

COURTNEY J. LINN
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Courtney J. Linn as authorized on 4/1/14*
　　　　Courtney J. Linn

Attorneys for Defendant Keurig Green Mountain, Inc. (f/k/a Green Mountain Coffee Roasters, Inc. and as Successor to Keurig, Incorporated)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

This case is the fifth of fourteen nearly identical complaints filed in five judicial districts across the country in February, March, and April of 2014.[1] These fourteen actions all contain very similar factual and legal allegations concerning Keurig's business relationships and innovation. The filing of numerous cases with closely related factual allegations is precisely the reason the multidistrict litigation ("MDL") process was developed, and as is typical in such a circumstance, the plaintiff in one of the cases, *Ney Silverman Insurance Associates, LLC v. Keurig Green Mountain, Inc.*, No. 14 Civ. 1671 (S.D.N.Y. Mar. 11, 2014), has filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") requesting that the then-filed actions, including this action, be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1407. Motion for Transfer at 1, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 2542 (J.P.M.L. Mar. 20, 2014) (ECF No. 1).

The common factual issues underlying the allegations in each of the related cases make it highly likely that the JPML will transfer the cases to a single district for coordinated or consolidated pre-trial proceedings. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("The goal of the multidistrict litigation process is to 'promote the just and efficient conduct' of 'civil actions involving one or more common questions of fact' that are pending in different districts."). Here, all fourteen complaints assert claims of monopolization, and eleven of the fourteen, including *JBR, Inc.*, include claims of attempted monopolization (Complaint ¶¶ 126-33, 180-85, *JBR, Inc. v. Keurig Green Mountain*

---

[1] *See TreeHouse Foods, Inc. v. Green Mountain Coffee Roasters, Inc.*, No. 14 Civ. 905 (S.D.N.Y. Feb. 11, 2014); *Hoyer v. Green Mountain Coffee Roasters, Inc.*, No. 14 Civ. 1609 (S.D.N.Y. Mar. 10, 2014); *Ney Silverman Ins. Assocs., LLC v. Keurig Green Mountain, Inc.*, No. 14 Civ. 1671 (S.D.N.Y. Mar. 11, 2014); *Rocker v. Green Mountain Keurig, Inc.*, No. 14 Civ. 1716 (S.D.N.Y. Mar. 12, 2014); *Constantino v. Keurig Green Mountain, Inc.*, No. 14 Civ. 1836 (S.D.N.Y. Mar. 17, 2014); *Major v. Keurig Green Mountain, Inc.*, No. 14 Civ. 348 (D. Del. Mar. 19, 2014); *Rizzo v. Keurig Green Mountain, Inc.*, No. 14 Civ. 11030 (D. Mass. Mar. 19, 2014). *Cusimano Carstar Collison, Inc. v. Keurig Green Mountain, Inc.*, No. 14 Civ. 1963 (S.D.N.Y. Mar. 20, 2014); *Schroeder. v. Keurig Green Mountain, Inc.*, No. 14 Civ. 678 (S.D. Cal. Mar. 25, 2014); *Gray v. Keurig Green Mountain, Inc.*, No. 14 Civ. 696 (S.D. Cal. Mar. 26, 2014); *Rosenthal v. Keurig Green Mountain, Inc.*, No. 14 Civ. 2219 (S.D.N.Y. Mar. 28, 2014); *Rosen v. Keurig Green Mountain, Inc.*, No. 14 Civ. 2255 (S.D.N.Y. Apr. 1, 2014); *Springer v. Keurig Green Mountain, Inc.*, No. 14 Civ. 2267 (S.D.N.Y. Apr. 1, 2014).

*Inc.*, ECF No. 1 ("Compl.")). All allege that Keurig entered into a "web" of exclusive dealing agreements to foreclose competition. (Compl. ¶ 138). All allege that Keurig's planned introduction of its "Keurig 2.0" coffee brewer violates the antitrust laws. (Compl. ¶¶ 171-79). All fourteen allege the same two product markets, and ten of the fourteen, including *JBR, Inc.*, allege the same third product market. (Compl. ¶ 12). In light of the similarity among the fourteen complaints filed thus far, and the broad geographical range of the districts in which they were filed, it is highly likely that the JPML will transfer the actions to a single district for coordinated or consolidated pre-trial proceedings. *See In re Loestrin 24 Fe Antitrust Litig.*, MDL No. 2472, 2013 WL 5505369, at *1 (J.P.M.L. Oct. 2, 2013) (granting transfer where six "actions share factual questions arising out of allegations that defendants violated federal and state antitrust laws").

In order to avoid significant inefficiency and the risk of inconsistent outcomes, Keurig hereby moves to stay all proceedings in this action, including defendant's obligation to respond to plaintiff's complaint, pending the decision of the JPML and the likely transfer of the related actions, including this case, for coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407. Accordingly, this Court should exercise the broad discretion it is granted under the law of this district to stay this action pending the JPML's decision.

## II.     ARGUMENT

This Court has broad discretion to grant a stay of litigation while a motion for MDL transfer is pending. Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Franklin v. Prospect Mortgage, LLC*, No. 2:13-cv-00790 JAM-AC, 2013 WL 6423389, at *1 (E.D. Cal. Dec. 9, 2013) (granting stay pending a JPML determination).

The factors considered when making this decision are (1) "the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated," (2) "potential prejudice to the non-moving party if a stay is granted," and (3) "hardship and inequity

to the moving party if no stay is granted." *Leeson v. Merck & Co., Inc.*, No. S-05-2240 WBS PAN, 2006 WL 3230047, at *4 (E.D. Cal. Jan. 27, 2006) (internal citations omitted).  Each of these three factors clearly weighs in favor of a stay here.

### A.   A Stay Will Preserve Judicial Resources And Ensure Consistency

Concerns about judicial economy and inconsistent outcomes strongly suggest this litigation should not go forward while the motion for MDL transfer is pending.  As noted above, the common factual issues underlying the allegations in the fourteen related complaints make it highly likely that the JPML will transfer the cases to a single district for coordinated or consolidated pre-trial proceedings.  Accordingly, this Court need not and should not devote time and effort to this action, at least not at this stage.  Moreover, if Keurig is forced to respond to this action now while the JPML transfer motion is pending, there is a real risk of inconsistent rulings, which would be directly contrary to the purpose of the MDL process.  *See Rubio v. Arndal*, No.1:13-cv-0027-LJO-BAM, 2013 WL 796669, at *2 (E.D. Cal. Mar. 4, 2013) (granting a stay to avoid the possibility of inconsistent rulings across districts and to preserve "the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.").

### B.   Plaintiff Will Not Be Prejudiced By the Requested Stay

Plaintiff cannot argue that it will be meaningfully prejudiced by the short delay between now and May 29, 2014, the date of the next JPML hearing, at which this matter is likely to come before the Panel.[2]  In considering whether a stay is appropriate, courts consider whether a plaintiff has already expended significant effort litigating the matter by examining, for example, how recently the action was filed, and the extent of discovery that has already occurred.  *See Cheramie v. Bristol-Myers Squibb Co.*, No. Civ. A. 02-910, 2002 WL 1792064, at *1 (E.D. La. Aug. 1, 2002) (granting a stay when "[t]he case was only recently filed and no discovery is scheduled nor has taken place").  Here, the case has been pending before this court for less than three weeks, and no discovery or other activity has yet taken place.

Furthermore, although plaintiff's suit is an individual action, and many of the other

---

[2] No date has yet been set for the JPML hearing.  If the hearing instead takes place in July (the next JPML hearing date after the May hearing), plaintiff similarly will not be prejudiced.

- 3 -

related cases are purported class actions, "[i]t is not unusual for individual claims to proceed in an MDL with class claims, as all parties can benefit from discovery regarding a common factual core." Transfer Order at 1, *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Protection Act Litig.*, MDL No. 2295 (J.P.M.L. June 8, 2012); *see also In re Polyurethane Foam Antitrust Litig.*, MDL No. 2196, 2011 WL 3182411, at *1 (J.P.M.L. May 19, 2011) ("The Panel . . . typically includes both individual actions and putative class actions in the same multidistrict proceeding when they arise from the same alleged antitrust conspiracy."). Indeed, the first filed of the fourteen actions subject to the motion to transfer is also an individual action, and the allegations in that complaint have been widely copied by the succeeding complaints, including this one. *See TreeHouse Foods, Inc. v. Green Mountain Coffee Roasters, Inc.*, No. 14 Civ. 905 (S.D.N.Y. Feb. 11, 2014). In short, as in other antitrust cases that have come before the JPML, centralization of this case will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and "conserve the resources of the parties, their counsel, and the judiciary." *In re Refrigerant Compressors Antitrust Litig.*, 626 F. Supp. 2d 1320, 1321 (J.P.M.L. 2009).

Finally, plaintiff's state law claims will be capably addressed in any potential transferee jurisdiction. The assertion of state law claims does not significantly affect the decision whether MDL transfer is appropriate, because the JPML transfers actions for consolidated and/or coordinated proceedings where, as here, they share "common questions of fact," regardless of whether additional state law causes of action are asserted in any of the complaints. *See* 28 U.S.C. § 1407(a) ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."); *see also In re Pineapple Antitrust Litig.*, 342 F. Supp. 2d 1348, 1349 (J.P.M.L. 2004) (centralizing nine antitrust actions pending in three states because "these nine actions involve common questions of fact," notwithstanding the fact that "[c]ertain of the constituent actions also allege that defendants' conduct violated other statutory and common law proscriptions of various states").

### C. Keurig's Interests Weigh Strongly In Favor of a Stay

Keurig's interests weigh strongly in favor of a stay and, coupled with considerations of judicial economy, outweigh any harm Plaintiff might face from delay. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). Proceeding with litigation while a JPML motion is pending would force Keurig to expend finite resources litigating nearly identical motions in multiple courts. *See Bd. of Trustees of the Teachers' Ret. Sys. of the State of Ill. v. Worldcom, Inc.*, Nos. 02C 5542, 02 C 5543, 2002 WL 31546158, at *4 (N.D. Ill. Oct. 18, 2002) ("[L]itigating essentially the same claims in courts all over the country is no doubt burdensome."); *Falgoust v. Microsoft Corp.*, No. Civ. A. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) (forcing defendants to simultaneously defend suits in multiple courts causes "considerable hardship and inequity"). Not only is litigating initially in multiple courts a waste of resources now, but if the actions are later transferred, inconsistent initial rulings could limit the benefit of coordinated pre-trial proceedings after the transfer.

### III. CONCLUSION

For all of these reasons, Keurig respectfully requests that this court stay all proceedings until 60 days after the JPML's decision on the motion to transfer.

| | |
|---|---|
| Dated: April 2, 2014 | GEORGE S. CARY<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>By: */s/ George S. Cary*<br>        George S. Cary<br><br>COURTNEY J. LINN<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>By: */s/ Courtney J. Linn as authorized on 4/1/14*<br>        Courtney J. Linn<br><br>Attorneys for Defendant Keurig Green Mountain, Inc. (f/k/a Green Mountain Coffee Roasters, Inc. and as Successor to Keurig, Incorporated) |