UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JBR, INC. (D/B/A ROGERS FAMILY COMPANY),<br><br>Plaintiff,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG INCORPORATED),<br><br>Defendant. | No. 2:14-cv-00677-KJM-CKD<br><br>ORDER |

This matter is before the court on the motion by Keurig Green Mountain, Inc.'s ("defendant" or "Keurig") to stay this action pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML" or "MDL Panel"). (ECF 27.) JBR, Inc. ("plaintiff" or "JBR") opposes defendant's motion. (ECF 29.) The court has decided this matter without a hearing. As explained below, the court GRANTS defendant's motion to stay.

I.   INTRODUCTION

The claims in this case arise out of defendant's alleged monopolization of the market for "single-serve brewers . . . and single-serving 'portion packs' of coffees used in those brewers." (Compl. ¶ 8, ECF 1.) Plaintiff is a "roaster, packager, and seller of coffee products . . . ." (*Id.* ¶ 5.) Defendant is a manufacturer of coffee brewers. (*See id.* ¶¶ 6–11.)

1

Plaintiff's complaint, filed on March 13, 2014, alleges the following thirteen claims: (1) monopolization in violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (2) exclusive dealing in violation of section 2 of the Sherman Act, 15 U.S.C. § 2 and section 3 of the Clayton Act, 15 U.S.C. § 14; (3) monopoly leveraging in violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (4) sham litigation in violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (5) patent misuse in violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (6) technological tying in violation of section 2 of the Sherman Act, 15 U.S.C. § 2 and section 3 of the Clayton Act, 15 U.S.C. § 14; (7) anticompetitive product redesign in violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (8) attempted monopolization, in the alternative, in violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (9) violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (10) violation of the Cartwright Act, California Business and Professions Code sections 16720, *et seq.*; (11) common law unfair competition; (12) violation of the Unfair Competition Law, California Business and Professions Code sections 17200, *et seq.*; and (13) intentional interference with prospective economic advantage.  (*See* Compl. at 27–40.)

On March 20, 2014, the plaintiff in the action captioned as *Ney Silverman Insurance Associates, LLC v. Keurig Green Mountain, Inc., et al.*, Case No. 14-cv-01671 (S.D.N.Y. Mar. 11, 2014) (the "Ney Silverman Action"), moved the MDL Panel under 28 U.S.C § 1407, for transfer of all the actions filed against Keurig to the Southern District of New York for coordinated or consolidated pretrial proceedings.  (Case MDL No. 2542, ECF 1.)  The MDL Panel will convene a hearing session on May 29, 2014.  (*Id.*, ECF 39.)

Keurig now moves to stay the present action pending the MDL Panel's decision. (ECF 12.)  JBR opposes the motion.  (ECF 29.)  Keurig has replied.  (ECF 34.)

II.     LEGAL STANDARD ON A MOTION TO STAY

It is well-settled that district courts have the inherent power to stay proceedings. *See  Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (Cardozo, J.). District courts in ruling on motions for stay must "exercise [their] judgment, which must weigh

competing interests and maintain an even balance." *Id.* at 255–56.  Courts consider the following factors when deciding whether to grant a motion to stay proceedings pending the MDL Panel's decision: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

III.     DISCUSSION

Defendant generally argues a stay of all the proceedings is appropriate in the present case "in order to avoid significant inefficiency and the risk of inconsistent outcomes." (ECF 12 at 2.)  Plaintiff  responds "there is no legitimate basis to delay" the proceedings in the present case.  (ECF 29 at 3.)

The court considers the relevant factors to determine whether a stay is warranted in the present case.

A.     Potential Prejudice to Plaintiff JBR

In essence, plaintiff argues a stay will cause "severe prejudice" to plaintiff because a stay will delay a ruling on plaintiff's motion for preliminary injunction.  (ECF 29 at 4–5.)  Defendant responds plaintiff's own actions show that a brief stay will not prejudice plaintiff. (ECF 34 at 5.)

The court finds that plaintiff will not be prejudiced by a stay.  First, plaintiff filed its complaint on March 13, 2014 (ECF 1), yet moved for a preliminary injunction more than a month later, on April 16, 2014 (ECF 19).  Second, the hearing on plaintiff's motion for preliminary injunction is scheduled on June 20, 2014 (ECF 25) while the hearing on the transfer question is scheduled before the MDL Panel on May 29, 2014.  (Case MDL No. 2542, ECF 39.) Thus, the MDL Panel is likely to issue its decision before the hearing on plaintiff's motion for preliminary injunction.  *See Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 425 (D.N.J. 2003) ("Barring unusual circumstances, the MDL Panel will decide the motion in a relatively short period of time.").  If unusual circumstances do arise, plaintiff may move to lift the stay in the present action.

3

Third, if plaintiff's needs are as urgent as it describes (*see* ECF at 29 at 4–5), plaintiff could have moved for a temporary restraining order initially or could have filed the motion for preliminary injunction concurrent with its complaint and not have waited for more than a month after the complaint was filed to seek a preliminary injunction. Finally, plaintiff has presented no competent evidence that it will be unable to obtain effective relief after the stay is lifted; for example, plaintiff does not argue that this court or another will be unable to remedy any alleged harm done to plaintiff in the relatively near future. In light of the foregoing, the court finds that a short stay in the present case will not significantly prejudice plaintiff.

B.   Hardship and Inequity to Defendant Keurig

Defendant argues its interests weigh in favor of a stay because absent a stay, defendant would be forced to expend substantial amount of resources "litigating nearly identical motions in multiple courts." (ECF 12 at 5.) Plaintiff responds that because the present case is the only case where a motion for preliminary injunction has been filed, there are no "identical motions" that defendant will need to litigate. (ECF 29 at 9.)

Even if defendant is not currently facing other motions for injunctive relief, this factor weighs in favor of a stay. The core facts in all the related cases stem from the same alleged anticompetitive scheme designed by defendant and the nature of the case lends itself to heavy litigation practice; pending the MDL Panel's decision, without a stay, defendant is likely to be drawn into duplicative discovery and litigation in multiple cases. In this case alone, in addition to the pending motion for injunctive relief, plaintiff's motion for expedited discovery is pending hearing. If the court were to go ahead and decide the preliminary injunction motion, and then the case is transferred, defendant could be subject to relitigation of the motion and a conflicting decision from a transferee court. Any potential harm caused by a short stay is outweighed by the hardship on defendant.

C.   Judicial Economy

Turning to the last factor, defendant argues judicial resources will be wasted if the court were to decide the preliminary injunction motion before the MDL Panel decides the transfer motion. (ECF 34 at 7–8.) Plaintiff responds "judicial resources will not be preserved by granting

the stay because this case is not likely to be transferred and, even to the extent it is, the issues presented in the pending motion for preliminary injunction are unique to [plaintiff]." (ECF 29 at 5–9.)

The court finds considerations of judicial economy weigh in favor of a stay. If the transfer motion is granted, "this [c]ourt will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360. As noted above, a transferee judge could reconsider or vacate this court's order. *See id.* at 1361 ("Although transferee judges should generally respect any orders of a transferor judge as 'law of the case,' transferee judges have been known to vacate or modify previous rulings of the transferor judge." (internal citation omitted)). Given the short time until the MDL Panel's hearing, this court's investment of resources would be a waste of judicial resources. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2004) ("The objective of transfer is to . . . save the time and effort of . . . the courts."). Thus, the judicial economy factor weighs in favor of a stay.

In sum, after weighing the abovementioned factors, the court finds staying the present case warranted.

IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Stay is GRANTED. All dates and hearings currently set in this case are VACATED until after the MDL Panel's ruling is issued. The parties are directed to notify the court of the MDL Panel's decision within 7 days of the Panel's ruling.

DATED: May 2, 2014.

_____
UNITED STATES DISTRICT JUDGE